# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CALVIN MAGSBY                                                     PLAINTIFF

V.                                  4:04CV1276JMM

BAKER ENGINEERING                                    DEFENDANT

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss. In response to the Motion, Plaintiff, acting pro se, requested permission to amend his Complaint to add Defendant Jackson Excavating & Leasing Company, Inc, to add a prayer for relief, and to include the correct date that he received his Right to Sue letter from the EEOC. The Court granted Plaintiff's request to amend his Complaint. However, Plaintiff filed his Amended Complaint without adding a prayer for relief or the correct date on which he received his Right to Sue letter.

In the Motion to Dismiss, Defendant argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to name the correct legal entity as a defendant. Plaintiff has cured this defect by naming Jackson Excavating & Leasing Co., Inc. in his Amended Complaint. Defendant also argued that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to include a specific prayer for relief in his Complaint. In his Response to the Motion, Plaintiff explained that he is seeking "all of the relief available under the Civil Rights Statute including but not limited to reinstatement, back pay, front pay and other emoluments of employment." Plaintiff f failed to include this prayer for relief in his Amended Complaint. Finally, Defendant argued that Plaintiff's Complaint should be dismissed because Plaintiff had not filed his Complaint within ninety days of receipt of his Right to Sue letter. Plaintiff responded that he had included the wrong receipt date in his Complaint. He stated that his Right

to Sue letter was mailed on July 30, 2004 and received on August 3, 2004. Therefore, Plaintiff filed his Complaint within ninety days of his *receipt* of the Right to Sue letter. Plaintiff failed, however, to include this date in his Amended Complaint.

Because the Court must hold a pro se plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers" and because it appears that Defendant's arguments are without merit, the Court finds it necessary to incorporate Plaintiff's Response to the Defendant's Motion to Dismiss into his Amended Complaint. *See Haines v. Kerner,* 404 U.S. 519, *520 (U.S. 1972). After including Plaintiff's Response as part of his Amended Complaint, the Court finds that Defendant's Motion to Dismiss is DENIED.

In conclusion, the Clerk is directed to attach Plaintiff's Response to Defendant's Motion to Dismiss (Docket # 12) to his Amended Complaint (Docket # 15). Defendant's Motion to Dismiss (Docket # 7) is DENIED.

IT IS SO ORDERED this ___ day of July 2005.

James M. Moody
United States District Judge